Sun Oil Company
vs.    } Eq. No. 10418.
John Evans

July 28, 1931.

CHURCHILL, J. This is a bill to restrain unfair competition.

The complainant is a refiner and distributor of gasoline. The respondent is a dealer in gasoline with a station at 965 Reservoir Avenue in the City of Cranston.

Since 1924 the complainant has used a distinctive color scheme of blue and yellow on its pumps, trucks, stations and other equipment in the State of Rhode Island, and has since April 26th, 1927, in this State colored its gasoline blue, has sold it under the name of "Blue Sunoco" and has extensively advertised it under that name. This color is used to distinguish its product from the product of competitors and as an advertising device. The coloring matter added is non-functional in its character.

The respondent maintained during a part of 1928 and thereafter, at his station on Reservoir Avenue, a pump with the same color scheme as that previously adopted by the complainant. The respondent admits that he has no right to continue the use of a pump so colored.

The only disputed question remaining in the case is the right of the respondent to continue to sell blue colored gasoline. He claims priority of use. The evidence in regard to the use by the respondent of blue colored gasoline, taken as a whole, is not convincing as to the time when such gasoline was first used by him, or its use thereafter up to 1928, but it appears that some time in 1917 the respondent put into gasoline which he was selling certain pellets which produced a blue color. This addition to the gasoline was made for the purpose of adding "pep" to the product and not for coloring purposes. The amount sold by the respondent does not appear. The use

was discontinued when the person from whom the pellets were purchased disappeared, and it was not until the installation of a gasoline pump on Park Avenue in 1925 that its use was recommenced. The respondent claims that his son then used it but discontinued such use when ordered to do so by the respondent on the ground that the respondent had exclusive right to such colored gasoline.

The respondent operated a pump on Gansett Avenue and claimed to have used colored gasoline there for about one year after 1925.

The respondent claimed to have used blue gasoline at the Reservoir Avenue station from 1925 down to the present time, made from a secret formula of his own. It appeared in testimony, however, that this station had been leased and had been out of the possession of the respondent for about 17 months during this period.

The Court finds that the sale by the respondent of blue colored gasoline to the year 1928 was more or less casual, and that it was not so persistent and continuous that it was associated with the respondent. On May 2nd, 1928, the complainant under a contract with the respondent installed a pump of its own at the respondent's gasoline station on Reservoir Avenue and this pump remained at this station until 1929 when it was removed by the complainant.

During this period the respondent painted one of his own pumps blue and yellow in imitation of the complainant's pumps, with the words "Blue Gas" on the container, and sold so-called "bootleg gas" of a blue color from this pump.

The Court finds on conflicting testimony that from 1928 until the time when this bill was filed in September, 1930, the respondent sold blue gasoline from his own pump to the public under representations to the purchaser, both oral and by imitation of the color scheme of the complainant, that such

gasoline was "Sunoco" gasoline when such was not the fact.

Moreover, it appears that after the preliminary injunction was entered the respondent sold blue gasoline in violation of the terms of the decree. The testimony of the respondent that this was done by consent of the complainant is not believed by the Court.

Whatever may be the answer to the abstract question of the right to sell blue gasoline, it is clear that the respondent has been guilty of fraud upon the public and of unfair competition with the complainant in the sale of blue gasoline. To allow him in the future to sell blue gasoline would only put a weapon in his hands to continue his campaign of unfair competition without any practical check upon his activities. An injunction which merely restrained false representations as to the blue gasoline would, in view of his flagrant conduct in the past, be entirely ineffective.

*Cheney Bros.* vs. *Gimbel Bros.*, 280 Fed. 746.

Nims on Unfair Competition, Sec. 378.

A decree for the complainant may be entered.

For complainant: Edwards & Angell.

For respondent: James L. Taft, Geo. R. Beane.